**quinn emanuel** trial lawyers | washington, dc

1300 I Street NW, Suite 900, Washington, District of Columbia 20005-3314 | TEL (202) 538-8000 FAX (202) 538-8100

WRITER'S DIRECT DIAL NO.
**(202) 538-8129**

WRITER'S EMAIL ADDRESS
**davidorta@quinnemanuel.com**

August 18, 2025

VIA ECF

The Honorable Jennifer L. Rochon
United States District Court
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

Re: *In re Application of Palladian Partners, L.P. et al. for an Order Pursuant to 28 U.S.C. § 1782 to Conduct Discovery for Use in Foreign Proceedings*,
No. 1:25-mc-00330-JLR (S.D.N.Y. Aug. 4, 2025)

Dear Judge Rochon:

    We write in response to the Order dated August 12, 2025 (ECF No. 8) instructing Palladian Partners, L.P., HBK Master Fund L.P., Hirsh Group LLC, and Virtual Emerald International Limited (collectively, the "Applicants") to serve Respondent Benjamin M. Chow ("Chow") and the sovereign Republic of Argentina ("Argentina" or the "Republic") with the Section 1782 application (the "Application") filed in the above-referenced matter.

    With respect to Respondent Chow, the Applicants respectfully inform the Court that on August 6, 2025, the Applicants' process server visited Chow's last listed and known address at 110 E. 7th St., New York, NY, and were informed by the current resident of the apartment that Mr. Chow had vacated the premises and that she was not aware of his whereabouts (*see* Declaration of Nicolas Molina, Jr. ("Molina Decl."), Ex. A, Aug. 6, 2025 Affidavit of Non Service). Accordingly, on August 8, 2025, the process server attempted to contact Han Phan, Alice Chow, Alison Chow, David Chow, and Felicia Ortiz Chow via telephone, each of whom are, upon information and belief, family members of Mr. Chow (*see* Molina Decl., Ex. B Aug. 8, 2025 Affidavit of Non Service). Despite multiple calls, the process server's outreach was unsuccessful (*id.*).

    On August 14, 2025, the Applicants contacted Samson A. Enzer and Sheila C. Ramesh, Chow's counsel in *Hurlock v. Kelsier Ventures et al*, No. 1:25-cv-3891 (S.D.N.Y. May 9, 2025),

**quinn emanuel urquhart & sullivan, llp**
ABU DHABI | ATLANTA | AUSTIN | BEIJING | BERLIN | BOSTON | BRUSSELS | CHICAGO | DALLAS | HAMBURG | HONG KONG | HOUSTON | LONDON | LOS ANGELES | MANNHEIM | MIAMI | MUNICH | NEUILLY-LA DEFENSE | NEW YORK | PARIS | PERTH | RIYADH | SALT LAKE CITY | SAN FRANCISCO | SEATTLE | SHANGHAI | SILICON VALLEY | SINGAPORE | STUTTGART | SYDNEY | TOKYO | WASHINGTON, DC | WILMINGTON | ZURICH

also before this Court (*see id.* at ECF Nos. 4, 6). Counsel advised the Applicants that they did not accept, "and presently [did] not have client authority to accept, service of [the] papers[,] [b]ut would be open to doing a without prejudice call to discuss [the] request." *See* Molina Decl., Ex. C. Counsel did not reply further to the Applicants by the requested deadline of August 18, 2025 at 12 PM EST, and accordingly, the Applicants respectfully ask that this Court permit them to serve process upon Chow's counsel via e-mail and certified mail, which courts have "deemed sufficient service." *See Baliga on behalf of Link Motion Inc. v. Link Motion Inc.*, 2020 WL 5350271, at *26 (S.D.N.Y. Sept. 4, 2020); *Equipav S.A. Pavimentacao, Engenharia e Comercia Ltda. v. Bertin*, 2022 WL 2758417, at *2–5 (S.D.N.Y. July 14, 2022) (where counsel and parties are in correspondence, email service on a party via his counsel is proper, and is neither "a last resort nor extraordinary relief").

Consequently, attached as Ex. D to the Molina Declaration, the Applicants have provided the Court with a Proposed Order granting the parties permission to serve Chow via email to his attorneys, Samson A. Enzer and Sheila C. Ramesh of Cahill Gordon & Reindel LLP, each of which are in contact with Mr. Chow, and are well-positioned to provide him with notice sufficient to satisfy the Due Process Clause. *See Equipav S.A.*, 2022 WL 2758417, at 2–5.

With respect to service of process upon the Republic of Argentina, "Section 1608 of the [Foreign Sovereign Immunities Act] provides the exclusive procedure for service of process on a foreign state or its political subdivisions, agencies, or instrumentalities, and that proposition is reinforced in Rule 4(j)(1)." *See* Wright & Miller, 4B Fed. Prac. & Proc. Civ. § 1111 (4th ed.). As the Trust Indenture governing the relationship between the Applicants and the Republic does not provide a means for service of process in these circumstances, we understand that Section 1608(b)(2) requires the Applicants to effect service of process via the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters (the "Hague Convention"), unless the Republic of Argentina agrees to accept service or appears *sua sponte* to oppose the Application.

Accordingly, on June 23, 2025, the Applicants commenced their U.S.-based efforts to enforce the April 5, 2023 judgment issued by the High Court of Justice, King's Bench Division, Commercial Court, in London, England (the "High Court").[1] The Applicants initiated a recognition application pursuant to the Uniform Foreign-Country Money Judgments Recognition Act of 2011, D.C. Code § 15-361 *et seq.*, which is pending before the Honorable Colleen Kollar-Kotelly (*see Palladian Partners, L.P. et al v. The Republic Of Argentina*, No. 25-cv-1954-CKK (D.D.C. June 23, 2025). These efforts were made in parallel with ongoing enforcement efforts in the United Kingdom, as set forth in the Declaration of the Applicants' U.K. counsel, *see* ECF No. 6 ¶¶ 34–39. Given the bedrock nature of the recognition application to the Applicants'

---

[1] In the proceeding *Palladian Partners LP and ors v The Republic of Argentina and anor* [2023] EWHC 711 (Comm), upon the Order of the High Court dated June 9, 2023 (as modified by a June 21, 2024 Order of the Court of Appeal in London, England) and the further Order of the High Court dated July 25, 2025, €1,543,508,749.15 remains outstanding (the "Judgment"). On October 14, 2024, the Judgment became final and unappealable after the Supreme Court of the United Kingdom refused Argentina's request for further appeals. All judgment sums became payable on November 28, 2024.

enforcement efforts, the Applicants have already initiated the requisite actions to serve the Republic via the Hague Convention. As it relates to formal service of process in this matter, however, the Applicants respectfully submit that they should not be required to serve the Republic with the Application at this time, for the following reasons.

*First*, the difficulties of service of process via the Hague Convention are well-documented, and litigants seeking to effectuate process via the Hague Convention in Argentina have often run into costly and frustrating delays (*see, e.g., Automobili Lamborghini S.p.A. v. Garcia*, 467 F. Supp. 3d 385, 390–91 (E.D. Va. 2020) ("[P]laintiffs hired two different foreign service firms and spent nearly twelve months attempting to serve [Defendant] in Argentina in accordance with the Hague Convention and Rule 4(f)(1), Fed. R. Civ. P."); *Vines of Argentina, LLC v. BBI Argentina*, 2024 WL 4189252, at *1 (W.D. Wash. Sept. 13, 2024) (noting that Hague service was successful only after twenty-one months of effort); *CGI Tech. and Sols. Inc. v Acacio*, 2019 WL 978097, at *2-4 (C.D. Cal. Jan.. 4, 2019) (affirming default judgment for failure to appear in light of Argentine Central Authority's statements that "service [via the Hague Convention] takes a long time due to budget cuts" and virtually "no information as to the status of . . . service").

*Second*, sister courts have recognized that service via the Hague Convention may be uniquely inapposite to the nature and objectives of Section 1782 proceedings, whose animating purpose is "providing *efficient* means of assistance to participants in international litigation in our federal courts[.]" *In re Accent Delight Int'l Ltd.*, 869 F.3d 121, 134 (2d Cir. 2017) (emphasis added). In an exercise of their discretion to "prescribe the practice and procedure" for 1782 proceedings (28 U.S.C. § 1782(a)), courts have repeatedly permitted parties to proceed with their Section 1782 applications notwithstanding the requirement of Hague service where "the schedule of the foreign proceedings and the time needed to serve the target[s] under the [Hague] would . . . have prevented the requested discovery from ever being used in the foreign proceeding, frustrating the aims of the statute." *In re Golden Meditech Holdings Ltd.*, 2024 WL 1349135, at *5 (S.D.N.Y. Mar. 29, 2024); *id.* at ECF No. 11 (instructing applicant to advise the court of how they could provide actual notice rather than service process via the Hague Convention); *see In re Application of Olga Kurbatova*, No. 18 Misc. 469, ECF No. 11 (S.D.N.Y. Nov. 30, 2018) (delaying service of subpoena to a target in light of extraordinary difficulties of Hague Service). Courts have also recognized that spoliation, or other similar confidentiality concerns, raise equally meritorious grounds counselling a waiver of notice to the other parties to the foreign proceeding. *See, e.g. In re Ernesto Andrade Grp.*, 712 F. Supp. 3d 438, 442 (S.D.N.Y. 2024) (granting exception to presumptive notice requirement where provision of notice could lead to spoliation); *In re Banco Santander (Brasil) S.A.*, 2022 WL 1546663, at *2 (S.D.N.Y. Apr. 6, 2022) (same); *In re Letter of Request from Government of France*, 139 F.R.D. 588, 589-91 (S.D.N.Y. 2021) (same).

In this matter, the Applicants contend that the extraordinary costs and delays associated with service of the Application via the Hague Convention would critically undermine the objectives of the requested discovery, which is designed to support enforcement efforts in the United Kingdom. Should the Applicants be forced to pause this proceeding to satisfy the Hague Convention's service of process requirements, the glacial pace of Hague service would likely significantly derail the Applicants' enforcement efforts. Accordingly, in light of the Court's instruction to serve the Republic with papers within five days of the date of the Order (ECF No. 8), on August 16, 2025, counsel for the Applicants transmitted copies of their recognition

3

application, as well as all three Section 1782 applications[2] to the individuals listed in **Appendix A** of this letter in an attempt to provide the Republic with notice of the Applicants' enforcement efforts.[3] The same transmissions were delivered via courier on August 18, 2024, or, where hand delivery was not possible, sent via overnight mail. The transmitted materials are set forth at **Appendix B** of this letter. The Declaration of Nicolas M. Molina, Jr. enclosed herewith, provides further details regarding these transmissions, including proof of delivery and correspondence in reply, if any.

As of the filing of this letter, an employee of Sullivan & Cromwell, LLP, counsel for the Republic in the High Court proceedings (*see* Molina Decl., Ex. F, Acknowledgement of Service), accessed and downloaded the transmitted files (*see id.*, Ex. P, ShareFile Activity Notification dated August 17, 2025 12:55 PM EST). Furthermore, Sullivan & Cromwell, LLP accepted hand delivery of the same transmission on August 18, 2025 (*see id.*, Ex Q, Proof of Delivery to Sullivan & Cromwell LLP dated Aug. 18, 2025). Furthermore, the transmission to Director Aldana Rohr, the designated Hague Convention notice recipient for the Republic, resulted in an automatically generated response email confirming receipt (*see id.*, Ex. K Central Authority Confirmation Email dated Aug. 17, 2025). The remaining recipients have not yet replied to the Applicants' notices.

The Applicants respectfully request that they be permitted to proceed with the adjudication of the Application *prior* to effecting service of process upon the Republic via the Hague Convention, or alternatively ask that the Court dispense altogether with the requirement that the Applicants service their 1782 Petition on the Republic via the Hague Convention. Furthermore, the Applicants respectfully accept this Court's invitation for a conference to discuss their position. We are at the Court's disposal to discuss any of the foregoing in greater detail.

---

[2] *See In re: Application of Palladian Partners, L.P. et al for an Order Pursuant to 28 U.S.C. § 1782 to Conduct Discovery for Use in Foreign Proceedings*, No. 25-cv-868-GBW (D. Del. July 15, 2025); *In re: Application of Palladian Partners, L.P. et al for an Order Pursuant to 28 U.S.C. § 1782 to Conduct Discovery for Use in Foreign Proceedings*, No. 25-mc-00058-KGS-RAR (N.D. Tex. July 25, 2025); *In re: Application of Palladian Partners, L.P. et al for an Order Pursuant to 28 U.S.C. § 1782 to Conduct Discovery for Use in Foreign Proceedings*, No. 25-mc-00330-JLR (S.D.N.Y. Aug. 4, 2025).

[3] Although it is well-established that service upon a foreign sovereign must be effected via the waterfall of methods set forth in the Foreign Sovereign Immunities Act of 1977, § 1608, "[e]mail service has [] repeatedly been found by courts to meet the requirements of due process." *Pearson Educ. Inc. v. Doe 1*, 2019 WL 6498305, at *3 (S.D.N.Y. Dec. 2, 2019) (citing *Elsevier, Inc. v. Siew Yee Chew*, 287 F. Supp. 3d 374, 379 (S.D.N.Y. 2018) (collecting cases)). Given that each of the notice recipients is, alternatively, an official representative of the Republic, counsel to the Republic, or a designated notice recipient in the Indenture Agreement underlying this dispute, the Applicants believe they are well-positioned to afford the Republic with notice to avoid any concerns with "trial by ambush", the animating concern of notice in Section 1782 proceedings. *In re Hornbeam*, 2015 WL 13647606, at *5 (S.D.N.Y. Sept. 17, 2015).

Respectfully,

David M. Orta

Enclosures

## APPENDIX A

| Recipient | Addressees | Nexus | Status |
|---|---|---|---|
| Sullivan & Cromwell LLP | Amanda Flug Davidoff<br>Thomas C. White<br>Sullivan & Cromwell LLP<br>1700 New York Ave., N.W.<br>Suite 700<br>Washington, DC 20006<br>davidoffa@sullcrom.com;<br>whitet@sullcrom.com | Counsel for Republic in *Palladian Partners LP and ors v The Republic of Argentina and anor* [2023] EWHC 711 (Comm). | Delivered via email and courier. |
| Cleary Gottlieb Steen & Hamilton LLP | Carmine D. Boccuzzi<br>Cleary Gottlieb<br>One Liberty Plaza<br>New York, NY 10006<br>T: (212) 225-2508<br>cboccuzzi@cgsh.com | Counsel in unrelated Investment Treaty Dispute *Teinver S.A., Transportes de Cercanías S.A. and Autobuses Urbanos del Sur S.A. v. The Argentine Republic*, ICSID Case No. ARB/09/1 [Filed 2009] [Tribunal issued its Award in 2017, but after there was a petition to enforce the award filed, Argentina filed a motion to dismiss and recently, in January 2025, a notice of appeal]. | Delivered via email and courier. |
| Embassy of the Argentine Republic in the United States of America | Ambassador Alejandro Carlos F. Oxenrod<br>1600 New Hampshire Ave., N.W.<br>Washington, DC 20009<br>T: (202)-238-6400<br>M: (202) 294-2029<br>eeeuu@mrecic.gov.ar | Official representative of the Republic. | Delivered via email; overnight mail sent and in transit, scheduled delivery August 19, 2025. |
| Consulate General and Promotion Center in New York | Consul General<br>Gerardo Abel Díaz Bartolomé<br>12 W. 56th St.<br>New York, NY 10019 | Official representative of the Republic. | Delivered via email; overnight mail sent and in transit, scheduled delivery August 19, 2025. |

| Recipient | Addressees | Nexus | Status |
|---|---|---|---|
| | T: (212) 603-0400<br>F: (212) 247-1940 / (212) 541-7746<br>M: (646) 283-5892<br>cnyor@mrecic.gov.ar | | |
| Central Authority of the Argentine Republic | Aldana Rohr<br>International Legal Assistance Department<br>Office of the Legal Advisor<br>Ministry of Foreign Affairs and Worship<br>Esmeralda 1212, 4th floor, Of. 402<br>Buenos Aires, Argentina<br>T: +54 (11) 4819-7000 intern 7385<br>F: +54 (11) 4819-7353<br>dajin@mrecic.gov.ar<br>cooperacion-civil@mrecic.gov.ar | Designated recipient of Hague Convention service of process requests. | Delivered via email; express mail sent and in transit, scheduled delivery August 20, 2025. |
| New York Registered Agent in Trust Indenture | Banco de la Nacion Argentina<br>225 Park Avenue, 3rd Fl.<br>New York, NY 10169<br>T: (212) 303-0600<br><br>CT Corporation<br>28 Liberty St., 42nd Fl.<br>New York, NY 10005<br>T: (212) 894 8940 | Registered agent for service of process for U.S.-based securities under the Trust Indenture dated June 2, 2005, which were sold alongside the E.U.-linked securities held by the Applicants. *See* 2005 Indenture Agreement § 12.9. | Delivered via email and courier. |
| London Registered Agent in Trust Indenture | Ambassador Marina Edith Plaza<br>Embassy of the Republic of Argentina in the United Kingdom<br>65 Brook St. London<br>London, W1K 4AH<br>T: (44) 207 318 1300<br>F: (44) 207 318 1301<br>M: (44) 779 365 4075<br>info@argentine-embassy-uk.org | Registered agent for service of process for E.U.-linked securities under the Amended Trust Indenture dated April 30, 2010. *See* 2010 Amended Indenture Agreement § 6. | Delivered via email and courier. |

# **APPENDIX B**[4]

## **EXHIBIT A**

*In re: Application of Palladian Partners, L.P. et al for an Order Pursuant to 28 U.S.C. § 1782 to Conduct Discovery for Use in Foreign Proceedings*, No. 25-mc-00330-JLR (S.D.N.Y. Aug. 4, 2025), ECF No. 8 (Order re: Service upon Argentine Republic)

## **EXHIBIT B**

| *Palladian Partners, L.P. et al v. The Republic Of Argentina*, No. 25-cv-1954-CKK (D.D.C. June 23, 2025) |
|---|
| DKT 1 - Argentina Judgment Recognition Complaint |
| DKT 1-1 - Exhibit 1 - Trial Court Judgment |
| DKT 1-2 - Exhibit 2 - Appellate Court Judgment |
| DKT 1-3 - Exhibit 3 - 2005 Trust Indenture |
| DKT 1-4 - Exhibit 4 - 2010 Trust Indenture |
| DKT 1-5 - Exhibit 5 - Terms and Conditions |
| DKT 1-6 - Exhibit 6 - Supreme Court Judgment |
| DKT 1-7 - Exhibit 7 - Argentina's Letter |
| DKT 1-8 - Exhibit 8 - Plaintiffs' Response |
| DKT 1-9 - Exhibit 9 - Claim Form |
| DKT 1-10 - Exhibit 10 - Argentina's Acknowledgment of Service |
| DKT 1-11 - Exhibit 11 - Amended Claim Form |
| DKT 1-12 - Exhibit 12 - Appellate Court Order March 22, 2024 |
| DKT 1-13 - Exhibit 13 - Appellate Court Order January 14, 2025 |
| DKT 1-14 - Civil Cover Sheet |
| DKT 1-15 - Request for Summons |
| DKT 2 - Summons |

## **EXHIBIT C**

| *In re: Application of Palladian Partners, L.P. et al for an Order Pursuant to 28 U.S.C. § 1782 to Conduct Discovery for Use in Foreign Proceedings*, No. 25-cv-868-GBW (D. Del. July 15, 2025) |
|---|
| [001] 1782 App. and Petition |
| [001-1] Proposed Order |
| [001-2] Civil Cover Sheet |
| [002] Notice re Magistrate |
| [003] MOL ISO 1782 App. and Petition |
| [004] Barlow Declaration |
| [004-1] Ex. 1 - Cloudflare Subpoena |

---

[4] The Parties have not filed copies of the documents listed herein with this submission in the interests of judicial economy. However, should the Court deem it beneficial to review these materials, the parties would be pleased to supplement this correspondence as requested.

| |
|---|
| *In re: Application of Palladian Partners, L.P. et al for an Order Pursuant to 28 U.S.C. § 1782 to Conduct Discovery for Use in Foreign Proceedings*, No. 25-cv-868-GBW (D. Del. July 15, 2025) |
| [004-2] Ex. 2 - Dynamic Labs Subpoena |
| [004-3] Ex. 3 - Namecheap Subpoena |
| [004-4] Ex. 4 - Dynamic Labs Entity Details |
| [004-5] Ex. 5 - Cloudflare Entity Details |
| [004-6] Ex. 6 - Domain Tools Report |
| [004-7] Ex. 7 - Domain Tools Report |
| [004-8] Ex. 8 - Namecheap Entity Details |
| [004-9] Ex. 9 - WhoXY Domain Search Report |
| [004-10] Ex. 10 - July 1, 2025 Hearing Transcript |
| [005] O'Rourke Declaration |
| [005-1] Appendix |
| [005-2] Ex. 1 - Claim Form |
| [005-3] Ex. 2 - Particulars of Claim |
| [005-4] Ex. 3 - Acknowledgment of Service |
| [005-5] Ex. 4 - Claim Form |
| [005-6] Ex. 5 - English Trial Court Order |
| [005-7] Ex. 6 - English Trial Court Order |
| [005-8] Ex. 7 - English Appellate Court Order |
| [005-9] Ex. 8 - English Appellate Court Order |
| [005-10] Ex. 9 - Letter of Credit |
| [005-11] Ex. 10 - English Appellate Court Judgment |
| [005-12] Ex. 11 - English Appellate Court Order |
| [005-13] Ex. 12 - Supreme Court Order |
| [005-14] Ex. 13 - English Appellate Court Order |
| [005-15] Ex. 14 - Trustee's Public Announcement |
| [005-16] Ex. 15 - Gorbachev v Guriev Application |
| [005-17] Ex. 16 - South Carolina Co v Assurantie N.V. |
| [005-18] Ex. 17 - Nokia Corporation v Interdigital Technology Corp. |

**EXHIBIT D**

| |
|---|
| *In re: Application of Palladian Partners, L.P. et al for an Order Pursuant to 28 U.S.C. § 1782 to Conduct Discovery for Use in Foreign Proceedings*, No. 25-mc-00058-KGS-RAR (N.D. Tex. July 25, 2025) |
| DKT 1 - Application |
| DKT 1-1 - Civil Cover Sheet |
| DKT 1-2 - Proposed Order |
| DKT 2 - Notice of Related Cases |
| DKT 3 - Certificate of Interested Parties |
| DKT 4 - MOL ISO 1782 Application |
| DKT 5 - Appendix |
| DKT 6 - Sutton Declaration |
| DKT 6-1 - Ex. 1 - Kelsier Labs LLC Subpoena |

| *In re: Application of Palladian Partners, L.P. et al for an Order Pursuant to 28 U.S.C. § 1782 to Conduct Discovery for Use in Foreign Proceedings*, No. 25-mc-00058-KGS-RAR (N.D. Tex. July 25, 2025) |
|---|
| DKT 6-2 - Ex. 2 - Hayden Davis Subpoena |
| DKT 6-3 - Ex. 3 - Gideon B. Davis Subpoena |
| DKT 6-4 - Ex. 4 - Tom Davis Subpoena |
| DKT 6-5 - Ex. 5 - Gideon Davis Unscripted Arena Interview (Nov. 8, 2024) |
| DKT 6-6 - Ex. 6 - Todd W. Price PVB Affidavit (July 21, 2025) |
| DKT 6-7 - Ex. 7 - Gideon B. Davis Driver's License |
| DKT 6-8 - Ex. 8 – Hayden M. Davis Driver's License |
| DKT 6-9 - Ex. 9 - Charles Thomas Davis Driver's License |
| DKT 6-10 - Ex. 10 - Kelsier.io About Us Page |
| DKT 6-11 - Ex. 11 - Kelsier Labs LLC - Texas SOS |
| DKT 6-12 - Ex. 12 - Kelsier Labs LLC - Texas SOS (Forfeiture) |
| DKT 6-13 - Ex. 13 - July 1, 2025 Hearing Tr. (No. 1:25-cv-03891-JLR) |
| DKT 7 - O'Rourke Declaration |
| DKT 7-1 - Ex. 1 - Claim Form filed by Petitioners |
| DKT 7-2 - Ex. 2 - Particulars of Claim filed by Petitioners |
| DKT 7-3 - Ex. 3 - Acknowledgment of Service filed by the Republic |
| DKT 7-4 - Ex. 4 - Amended Claim Form |
| DKT 7-5 - Ex. 5 - English Trial Court judgment dated April 5, 2023 |
| DKT 7-6 - Ex. 6 - English Trial Court Order dated June 9, 2023 |
| DKT 7-7 - Ex. 7 - English Appellate Court's order dated February 22, 2024 |
| DKT 7-8 - Ex. 8 - English Appellate Court's order dated March 22, 2024 |
| DKT 7-9 - Ex. 9 - Letter of Credit issued by Banco Santander, S.A. dated June 12, 2024 |
| DKT 7-10 - Ex. 10 - English Appellate Court judgment dated June 12, 2024 |
| DKT 7-11 - Ex. 11 - English Appellate Court Order dated June 21, 2024 |
| DKT 7-12 - Ex. 12 - Supreme Court's order refusing permission to appeal (October 14, 2024) |
| DKT 7-13 - Ex. 13 - English Appellate Court's January 14, 2025 order |
| DKT 7-14 - Ex. 14 - Trustee's public announcement dated February 27, 2025 |
| DKT 7-15 - Ex. 15 - Gorbachev v. Guriev case |
| DKT 7-16 - Ex. 16 - South Carolina Co v Assurantie N.V. |
| DKT 7-17 - Ex. 17 - Nokia Corporation v Interdigital Technology Corp. |

**EXHIBIT E**

| *In re: Application of Palladian Partners, L.P. et al for an Order Pursuant to 28 U.S.C. § 1782 to Conduct Discovery for Use in Foreign Proceedings*, No. 25-mc-00330-JLR (S.D.N.Y. Aug. 4, 2025) |
|---|
| DKT 1 - Application |
| DKT 1-1 - Proposed Order |
| DKT 1-2 - Civil Cover Sheet |
| DKT 3 - Certificate of Interested Parties |
| DKT 4 - MOL ISO 1782 Application |
| DKT 5 - Repousis Declaration |

| *In re: Application of Palladian Partners, L.P. et al for an Order Pursuant to 28 U.S.C. § 1782 to Conduct Discovery for Use in Foreign Proceedings*, No. 25-mc-00330-JLR (S.D.N.Y. Aug. 4, 2025) |
|---|
| DKT 5-1 - Ex. 1 - Subpoena to B. M. Chow |
| DKT 5-2 - Ex. 2 - July 1, 2025 Hearing Tr. (No. 1:25-cv-03891-JLR ) |
| DKT 6 - O'Rourke Declaration |
| DKT 6-1 - Ex. 1 - Claim Form filed by Petitioners |
| DKT 6-2 - Ex. 2 - Particulars of Claim filed by Petitioners |
| DKT 6-3 - Ex. 3 - Acknowledgment of Service filed by the Republic |
| DKT 6-4 - Ex. 4 - Amended Claim Form |
| DKT 6-5 - Ex. 5 - English Trial Court judgment dated April 5, 2023 |
| DKT 6-6 - Ex. 6 -English Trial Court Order dated June 9, 2023 |
| DKT 6-7 - Ex. 7 - English Appellate Court's order dated February 22, 2024 |
| DKT 6-8 - Ex. 8 - English Appellate Court's order dated March 22, 2024 |
| DKT 6-9 - Ex. 9 - Letter of Credit issued by Banco Santander, S.A. dated April 3, 2024 |
| DKT 6-10 - Ex. 10 - English Appellate Court judgment dated June 12, 2024 |
| DKT 6-11 - Ex. 11 - English Appellate Court Order dated June 21, 2024 |
| DKT 6-12 - Ex. 12 - Supreme Court's order refusing permission to appeal (October 14, 2024) |
| DKT 6-13 - Ex. 13 - English Appellate Court's January 14, 2025 order |
| DKT 6-14 - Ex. 14 - Trustee's public announcement dated February 27, 2025 |
| DKT 6-15 - Ex. 15 - Gorbachev v. Guriev case |
| DKT 6-16 - Ex. 16 - South Carolina Co v Assurantie N.V. |
| DKT 6-17 - Ex. 17 - Nokia Corporation v Interdigital Technology Corp. |